UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACOB O'MARA,<br>    Plaintiff,<br>v.<br><br>COMMUNITY MENTAL<br>HEALTH OF WASHTENAW<br>COUNTY, *et al.*,<br>    Defendants.<br>_____/ | Case No.: 21-12278<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING COMMUNITY MENTAL HEALTH OF WASHTENAW COUNTY'S MOTION FOR EXPEDITED DISCOVERY
(ECF No. 16)**

### I. PROCEDURAL HISTORY

Plaintiff Jacob O'Mara sued the Michigan Department of Health and Human Services, Director Elizabeth Hertel, Governor Gretchen Whitmer (collectively "State Defendants"), and Community Mental Health of Washtenaw County ("WCCMH"). (ECF No. 1). WCCMH moved for expedited discovery. (ECF No. 16). State Defendants (ECF No. 17) and Plaintiff (ECF No. 18) responded, and WCCMH replied (ECF No. 20). State Defendants take no position on WCCMH's motion or requested relief. (ECF No. 17, PageID.317). Plaintiff opposes WCCMH's motion for expedited discovery. (ECF No. 18, PageID.321). Plaintiff's request for sanctions included in their response was stricken from the

record as improper under Rule 5(f) of the Eastern District of Michigan's Electronic Filing Policies and Procedures.

The undersigned held a motion hearing on April 12, 2022. Plaintiff's counsel and counsel for WCCMH provided oral arguments. Counsel for State Defendants appeared and took no position on the pending motion or Plaintiff's response. WCCMH's motion was taken under advisement.

## II.     BACKGROUND

Plaintiff, an adult with developmental disabilities, filed this civil rights case against Defendants through his co-guardians. (ECF No. 1, PageID.4, ¶ 2). Plaintiff claims he was entitled to receive in-home Community Living Support ("CLS"), including medically necessary supervision as determined by WCCMH. Plaintiff alleges he was denied CLS without procedural due process, and in violation of the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act. (*Id.* at PageID.12-21).

The Michigan Department of Health and Human Services ("MDHHS") administers the Medicaid program in Michigan. MDHHS contracts with regional pre-paid inpatient health plans ("PIHPs") who then sub-contract with community mental health programs like WCCMH. (ECF No. 16, PageID.248). To authorize any medically necessary services, WCCMH claims it must perform an independent assessment and formulate a service plan through a person-centered planning

process. (*Id.* at PageID.249). In November 2020, Plaintiff received a CLS assessment which did not authorize CLS services. WCCMH determined Plaintiff should be in residential placement. WCCMH sent Plaintiff an adverse benefits determination notifying Plaintiff of their denial of his request. (*Id.* at PageID.251). Plaintiff declined WCCMH's offer and instead appealed the residential benefits determination. WCCMH's last clinical contact with Plaintiff was during March 2021, when WCCMH tried to schedule in-person assessments with Plaintiff. WCCMH alleges Plaintiff has refused multiple assessment requests. Subsequently, Plaintiff voluntarily dismissed his benefits appeal and filed this suit. (*Id.* at PageID.251-52).

WCCMH moves for expedited discovery under Fed. R. Civ. P. 26(d) and Fed. R. Civ. P. 35 to conduct the "requisite assessments" of Plaintiff. WCCMH asserts they need the assessments to ensure Plaintiff can receive any medically necessary services as soon as possible and to preserve evidence for this case. (*Id.* at PageID.252). In response, Plaintiff argues these assessments are currently unnecessary. (ECF No. 18, PageID.320).

### III. ANALYSIS

#### A. Legal Standard

Generally, parties may not seek discovery before parties have conferred as required by Fed. R. Civ. P. 26(f). Federal Rule of Civil Procedure 26(d)(1)

3

provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order.*" Fed. R. Civ. P. 26(d)(1) (emphasis added). A party can begin discovery before their Rule 26(f) conference, if ordered by the district court, upon a showing of "'good cause.'" *Malam v. Adducci*, 2020 WL 12738917, at *1 (E.D. Mich. Apr. 30, 2020) (quoting *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016)). Within this Circuit, courts have found good cause "when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward." *N. Atl. Operating Co., Inc.*, 194 F. Supp. 3d at 637 (citing *Arista Recs., LLC v. Does 1–4*, 2007 WL 4178641, at *1 (W.D. Mich. Nov. 20, 2007)).

The party seeking the expedited discovery bears the burden of showing good cause. Good cause may be found when considering the administration of justice, the need for discovery outweighs any prejudice to the responding party. *Fabreeka Int'l Holdings, Inc. v. Haley*, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015). The court may also consider whether evidence may be lost or destroyed and the narrow tailoring of the proposed discovery in making the good cause

4

determination. *Id.* (citing *Caston v. Hoaglin,* 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009)).

### B. Discussion

To determine what CLS services Plaintiff is eligible for, WCCMH alleges they need a bio-psycho-social assessment, a current CLS assessment, a behavioral psychology assessment, and a current Individual Plan of Service ("IPOS"). (ECF No. 16, PageID.253). WCCMH further maintains the assessments will preserve evidence relating to Plaintiff's current condition, since his guardians have barred contact since March 2021. (*Id.*). The assessments will not prejudice Plaintiff because he will undergo these routine assessments if he receives the services he alleges he is entitled to. (*Id.* at PageID.254). And these assessments will move this case forward because it may help WCCMH provide Plaintiff services he is eligible for while the parties await resolution of pending dispositive motions. (*Id.* at PageID.254-55).

In response, Plaintiff argues the assessments are unnecessary because they are irrelevant to the 2020 assessments at issue, WCCMH's failure to provide notice, and failure to place Plaintiff in the medically necessary least restrictive setting. Further, WCCMH possesses the necessary information. (ECF No. 18, PageID.320-21). In reply, WCCMH highlights that Plaintiff seeks both retroactive and prospective relief, thus if Plaintiff seeks an order requiring WCCMH to

provide future Medicaid services, WCCMH must be allowed to perform the necessary assessments. (ECF No. 20, PageID.345).

Since this case does not involve infringement, class certification, or unknown defendants, the court must consider the nature of the requested discovery. The court can consider whether WCCMH's proposed assessments are narrowly tailored, substantially move the case forward, preserve evidence, or if the need for discovery outweighs prejudice to Plaintiff. *See N. Atl. Operating Co., Inc.*, 194 F. Supp. 3d at 637; *Fabreeka Int'l Holdings, Inc.*, 2015 WL 5139606, at *5.

**1. Narrow Tailoring of Discovery Request**

WCCMH's request does not appear to be narrowly tailored, as they seek three assessments from Plaintiff. WCCMH requests "a bio-psycho-social assessment, a current CLS assessment, a behavioral psychology assessment, and a current IPOS developed through the person-centered planning process." (ECF No. 16, PageID.253). WCCMH's desire to conduct these assessments is broader than requests courts have found were adequately tailored to justify expedited discovery. In *Arista*, expedited discovery was appropriate when the plaintiff only sought the name and contact information of four doe defendants—discovery more limited in scope than the various psychological assessments WCCMH seeks. *Arista Recs., LLC*, 2007 WL 4178641, at *3. In *Caston*, when plaintiff identified seven specific categories of documents to preserve, the court denied the request and suggested

6

plaintiff narrow the inquiry further for the court to approve their request. *Caston*, 2009 WL 1687927, at *4. WCCMH seeks more than just preservation of evidence, WCCMH wants to conduct new psychological assessments of Plaintiff. WCCMH's request is too extensive to warrant expedited discovery.

### 2. Preservation of Evidence

The assessments are unnecessary to preserve evidence because Plaintiff's mental state cannot be destroyed and may change with time. WCCMH seeks information about Plaintiff's current mental state. As WCCMH argued, Plaintiff's mental state is fluid. So if CLS services are later ordered, more new assessments will be necessary to provide an accurate picture of Plaintiff's mental health then. Expedited discovery is unnecessary to preserve evidence because Plaintiff cannot destroy information about his mental state unlike the documents at issue in *Caston* that could have been lost or destroyed. *Caston*, 2009 WL 1687927, at *4. Here, if the CLS services are ordered, WCCMH will still have access to what it needs to perform the psychological assessments—Plaintiff. The court need not expedite assessments to provide WCCMH current information, because if WCCMH conducts assessments later, they will have the most current information related to Plaintiff's mental health.

### 3. Substantial Contribution to Moving the Case Forward

The assessments will not substantially contribute to moving this case forward, because this case can move forward without this information. WCCMH alleges they need the assessments to provide Plaintiff services. This case is distinct from cases when expedited discovery was necessary to move the case forward. In *Arista*, plaintiff needed to identify the doe defendants to move forward with the case so expedited discovery was necessary, as plaintiff could not properly litigate the case without identifying the defendants. *Arista Recs., LLC*, 2007 WL 4178641, at *3. WCCMH can still move forward without these assessments because if the court later orders WCCMH to provide Plaintiff services, they can conduct the assessments then. These assessments are unnecessary to WCCMH's case now.

Though there is a pending motion for temporary injunctive relief (ECF No. 36), this case differs from injunctive relief cases when expedited discovery was necessary. Plaintiff, the only party who seeks injunctive relief, opposes expedited discovery as unnecessary. (ECF No. 18, PageID.320). Generally, expedited discovery is necessary to prosecute a motion for injunctive relief, not defend it. *Arista Recs., LLC*, 2007 WL 4178641, at *1 ("Plaintiffs have been able to establish good cause in situations involving requests for a preliminary injunction where the moving party alleges infringement."); *see also Malam*, 2020 WL 12738917, at *2; *N. Atl. Operating Co., Inc.*, 194 F. Supp. 3d at 637; *Fabreeka Int'l Holdings*, 2015 WL 5139606, at *5. Moreover, expedited discovery is not always necessary in

8

injunctive relief cases. In *Malam*, expedited discovery was unnecessary to rule on a request to convert an existing temporary restraining order to a preliminary injunction. Only when the court needed information to decide class certification was expedited discovery appropriate. *Malam*, 2020 WL 12738917, at *2. Despite seeking injunctive relief, the assessments are irrelevant to Plaintiff's request. (ECF No. 18, PageID.320). Conducting these assessments now will not substantially contribute to moving this case forward.

### 4. Prejudice to the Parties

WCCMH's need for discovery does not outweigh any prejudice to Plaintiff, so there is no good cause for expedited discovery. At the motion hearing, WCCMH admitted that if the court denied their request, they would not suffer any harm, while Plaintiff would be prejudiced. WCCMH then argued the assessments will help mitigate their damages and not prejudice Plaintiff, as he will submit to these assessments if he receives services from WCCMH. (ECF No. 16, PageID.254). Plaintiff argued the assessments will prejudice him, by subjecting him to undue harassment before these assessments are needed.

WCCMH's concern about mitigation of damages is not a serious enough injury to outweigh prejudice to Plaintiff. In *Lashuay*, there was no good cause for discovery because plaintiff's concern about the looming statute of limitations was unfounded. Without proof the deadline was imminent, plaintiff identified no

9

serious harm he may suffer without the requested discovery. *Lashuay v. Delilne*, 2018 WL 317856, at *4 (E.D. Mich. Jan. 8, 2018). Similarly, WCCMH's concern over damages is premature, so not a pressing concern that requires an order expediting discovery. Since the parties have yet to even begin discovery here, damages are a distant concern. Even if Plaintiff would not suffer great prejudice by submitting to routine assessments, mitigation of damages is not a serious enough injury to order expedited discovery.

## IV.    CONCLUSION

For the reasons set forth above, Community Mental Health of Washtenaw County's Motion for Expedited Discovery (ECF No. 16) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge

or a district judge.  E.D. Mich. Local Rule 72.2.  The district judge may sustain an

objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.

Date: April 21, 2022  　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge