UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB O'MARA,

               Plaintiff,

v.

COMMUNITY MENTAL
HEALTH OF WASHTENAW
COUNTY, *et al*.,

               Defendants.

_____/

Case No.: 21-12278

Shalina D. Kumar
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON STATE DEFENDANTS'
MOTION TO DISMISS (ECF No. 9) AND PLAINTIFF'S AMENDED
MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR
<u>INJUNCTIVE RELIEF AND SANCTIONS (ECF No. 36)</u>**

## I.    PROCEDURAL HISTORY

Plaintiff Jacob O'Mara sued the Michigan Department of Health and Human

Services, Elizabeth Hertel, Governor Gretchen Whitmer ("State Defendants"), and

Community Mental Health of Washtenaw County ("WCCMH") on September 28,

2021.  (ECF No. 1).  The State Defendants moved to dismiss (ECF No. 9), Plaintiff

responded (ECF No. 22), and the State Defendants replied (ECF No. 32).[1]

WCCMH did not respond to the State Defendants' motion to dismiss and takes no

---

[1] Plaintiff filed an amended response to State Defendants' motion to dismiss (ECF No. 38) and State Defendants replied (ECF No. 42).  Plaintiff's amended response is duplicative of his original response.  Since Plaintiff filed this response without leave of court, the undersigned will not consider the amended response.

position on the motion or the requested relief.  (ECF No. 35, PageID.540).

Plaintiff filed an amended motion for injunctive relief and sanctions (ECF No. 36) to which State Defendants (ECF No. 45) and WCCMH (ECF No. 47) responded.  Both motions were referred to the undersigned.  (ECF Nos. 24, 39).

The parties appeared before the undersigned for a motion hearing.  Counsel for Plaintiff, State Defendants, and WCCMH gave oral arguments on State Defendants' motion to dismiss (ECF No. 9) and Plaintiff's motion for summary judgment, injunctive relief, and sanctions (ECF No. 36).  The motions were taken under advisement.  This matter is fully briefed and now ready for Report and Recommendation.

For the reasons explained below, the undersigned **RECOMMENDS** that State Defendants' motion to dismiss (ECF No. 9) be **GRANTED** and State Defendants be **DISMISSED** from this case.  The undersigned also **RECOMMENDS** that Plaintiff's amended motion for summary judgment and request for injunctive relief and sanctions (ECF No. 36) be **DENIED**.

## II.    COMPLAINT ALLEGATIONS

Plaintiff, an adult with severe developmental disabilities, files this civil rights case against Defendants through his co-guardians Jeffery O'Mara and Michelle Benson.  (ECF No. 1, PageID.4, ¶ 2).  WCCMH provides Medicaid waiver covered services to people in the area with developmental disabilities.  (*Id.*

2

at ¶ 4).  The Michigan Department of Health and Human Services ("MDHHS")

contracts with WCCMH.  Defendant Elizabeth Hertel, as Director of MDHHS,

oversees MDHHS and its contract agencies, including WCCMH.  Defendant

Governor Gretchen Whitmer oversees all departments of Michigan government.

(*Id*. at PageID.5, ¶¶ 5-7).

Plaintiff resided at a home built for his unique needs and owned by a third-

party special needs trust.  Plaintiff states he was to receive Community Living

Support ("CLS") services, including medically necessary supervision as

determined by WCCMH and funded by the Medicaid Habilitation Supports Waiver

Program.  During November 2020, WCCMH denied Plaintiff CLS benefits.

Plaintiff alleges his benefits were terminated without procedural due process, and

in violation of the Americans with Disabilities Act ("ADA"), and § 504 of the

Rehabilitation Act.  (*Id.* at PageID.12-21).

## III.   ANALYSIS

### A. Standards of Review

1.  Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

When deciding a motion to dismiss under Rule 12(b)(6), the Court should

"construe the complaint in the light most favorable to plaintiff and accept all

allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Claims under § 1983 must contain more than "conclusory allegations of unconstitutional conduct by persons acting under the color of state law." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). "Some factual basis for such claims must be set forth in the pleadings." *Id.* (citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir.1971)). Plaintiffs must plead "with particularity" what each defendant did to violate his constitutional rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

2. Fed. R. Civ. P. 12(b)(7) Motion to Dismiss

4

Fed. R. Civ. P. 12(b)(7) allows dismissal when a Plaintiff fails to join a party under Fed. R. Civ. P. 19.  Rule 19 requires joinder of a party if their joinder would not deprive the court of subject matter jurisdiction and "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Rule 19 provides a three-step analysis to determine whether a party must be joined in an action.  *Id.*; *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).  First, the Court should determine whether a party who is not joined is a necessary party that should be joined if possible, based on the requirements outlined in Rule 19(a).  *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999); Fed. R. Civ. P. 19(a).  Second, if deemed a necessary party, the Court should determine whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction.  *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993); Fed. R. Civ. P. 19(a).  Third, if a party cannot feasibly be joined, the Court then analyzes the Rule 19(b) factors to determine whether the case should be dismissed without the omitted party as the final step.

3.  Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

5

56(a).  A fact is material if it might affect the outcome under governing law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

   4.  Injunctive Relief

   In determining whether to grant or deny a preliminary injunction, the Court should consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."  *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).  Though the factors should be balanced, "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'"  *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)).  The party seeking the preliminary injunction bears the burden of justifying injunctive relief.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

   5.  Sanctions

Under Rule 11 of the Federal Rules of Civil Procedure, the court has discretion to award sanctions (1) when a party presents pleadings, motions or papers to the court for an improper purpose, (2) if the claims, defenses or other legal contentions therein are not warranted by existing law or a nonfrivolous extension of the law, or (3) if the allegations and other factual contentions therein do not have evidentiary support.  If "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(b)-(c).  "Rule 11 sanctions may be awarded only if [the party's] conduct in the litigation was objectively unreasonable . . . or if [the party] did not have a reasonable basis for making her claim."  *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014) (citations omitted).

B. Discussion

**1.  State Defendants' Motion to Dismiss (ECF No. 9)**

State Defendants move to dismiss for a several reasons.  First, they argue Plaintiff improperly used 42 U.S.C. § 1983 because he failed to plead which legal rights he seeks to enforce under § 1983.  (ECF No. 9, PageID.190).  Second, Eleventh Amendment immunity protects State Defendants from the due process and ADA claims.  (*Id.* at PageID.191-94).  Third, Governor Whitmer and Director Hertel are protected by qualified immunity.  (*Id.* at PageID.195-98).  Fourth,

Plaintiff failed to state a claim against State Defendants under Fed. R. Civ. P. 12(b)(6).  (*Id.* at PageID.198-205).  Finally, Plaintiff's failure to join Community Mental Health Partnership of Southeast Michigan ("CMHPSM") as a defendant requires dismissal under Fed. R. Civ. P. 12(b)(7).  (*Id.* at PageID.206-7).

a.  Improper Use of 42 U.S.C § 1983

State Defendants argue Plaintiff failed to specify what rights he seeks to enforce under § 1983.  (ECF No. 9, PageID.190).  Defendants contend Count One of Plaintiff's Complaint alleges "violation of 42 U.S.C. § 1983" and does not distinguish between his due process, ADA, and Rehabilitation Act claims under § 1983.  As a result, Plaintiff's Complaint should be dismissed.  (*Id.*).  Plaintiff maintains he specifically outlined existing rights under the ADA, Rehabilitation Act, and the Due Process Clause of the Fourteenth Amendment that the State Defendants "allowed their contractees to violate repeatedly."  (ECF No. 22, PageID.373).  In reply, State Defendants highlight Plaintiff brings all three counts under § 1983 even though state actors are immune from § 1983 claims under the Eleventh Amendment.  (ECF No. 32, PageID.484).

Violation of 42 U.S.C. § 1983 alone, absent an underlying violation of a legal right is not a cognizable claim.  Section 1983 allows plaintiffs to enforce individual rights "'secured' elsewhere" in the Constitution or other laws of the United States.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).  "'[O]ne cannot

8

go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.'" *Id.* (quoting *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 617 (1979)).  Although Count One of the Complaint is titled as "Violation of 42 U.S.C § 1983," the text clarifies that Plaintiff is not suing Defendants under § 1983 alone.  (ECF No. 1, PageID.12, ¶ 28).  Plaintiff alleges Defendants violated his rights under the Due Process clause of the Fourteenth Amendment, the ADA, and Section 504 of the Rehabilitation Act.  (*Id.* at PageID.12-13, ¶¶ 28-33).  These are examples of legal rights plaintiffs may enforce under § 1983.  State Defendants admit in reply that Plaintiff brings "all three counts," i.e., Due Process, ADA, and Rehabilitation Act claims, under 42 U.S.C. § 1983.  (ECF No. 32, PageID.484).  Dismissal for improper use of § 1983 is not warranted.

b.  Eleventh Amendment Immunity

State Defendants argue they are protected from liability from the Due Process, ADA, and Rehabilitation Act claims by Eleventh Amendment immunity. (ECF No. 9, PageID.191-95).  State Defendants contend they are protected from the Due Process claim because states and state agencies cannot be liable under § 1983 unless they consent to liability, or if Congress abrogated immunity.  They also note Defendants Whitmer and Hertel cannot be sued in their official capacities.  (*Id.* at PageID.191-92).  State Defendants are protected from the ADA

9

claim because Plaintiff fails to show how State Defendants denied services due to his disabilities.  (*Id.* at PageID.194-95).

Plaintiff argues Congress abrogated Eleventh Amendment immunity for ADA claims and state officials can be sued in their official capacity for prospective relief.  (ECF No. 22, PageID.374).  State Defendants reply that Michigan has not waived or abrogated § 1983 immunity for Due Process claims, so MDHHS is protected.  Nor does Plaintiff pursue his Due Process claim against Defendants Hertel and Whitmer prospectively, as his claims are for retroactive relief or money damages.  Thus, Defendants Hertel and Whitmer are protected by sovereign immunity.  (ECF No. 32, PageID.484-85).  Finally, Defendants contend that because Plaintiff failed to specifically plead how Defendants discriminated against him based on his disability, Congress' ADA abrogation does not apply here, and Defendants are protected by Eleventh Amendment immunity.  (ECF No. 32, PageID.487).

The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived sovereign immunity or consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Sovereign immunity applies to state agencies or departments, such as MDHHS.  *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017).  When a plaintiff sues a defendant in his or her official capacity, it "is not a suit against the official

but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), applies.  *Long v. Tennessee*, 744 F. App'x 945, 945-46 (6th Cir. 2018).  Under the *Ex Parte Young* exception, "'a federal court may, without violating the Eleventh Amendment, issue a prospective injunction against a state officer to end a continuing violation of federal law." *Id.* (quoting *Price v. Medicaid Dir.*, 838 F.3d 739, 746–47 (6th Cir. 2016) (citing *Ex parte Young*, 209 U.S. at 159)).

   i. Due Process Claim Immunity

  The Due Process claim against MDHHS may be dismissed.  States and their agencies are generally immune under the Eleventh Amendment unless one of the three exceptions apply.  *Long*, 744 F. App'x at 945-46.  Neither Michigan nor any of its agencies have consented to be sued for civil rights actions in federal court. *Michigan Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 677 (E.D. Mich. 2018) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), *aff'd*, 802 F. App'x 993 (6th Cir. 2020).  Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983.  *Id.* (*citing Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Finally, the *Ex Parte Young* exception does not apply

because MDHHS is not a state official from which Plaintiff seeks prospective relief. *See Long*, 744 F. App'x at 946 (failure to allege an official-capacity claim against state official prevents plaintiff from using third *Ex Parte Young* exception). Thus, MDHHS is immune from the Due Process claim under the Eleventh Amendment.

Since Plaintiff seeks relief from Defendants Whitmer and Hertel in their official capacities, his Due Process claims for prospective relief may survive. His claims for attorney's fees, compensatory costs, and other money damages may be dismissed, as the *Ex Parte Young* official capacity exception only applies to claims for equitable relief. *Id.* Plaintiff may use the *Ex Parte Young* exception to seek injunctive relief from state officials to "end a continuing violation of federal law." *Price*, 838 F.3d at 747. Thus, the court need only consider whether the "'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citations omitted).

Plaintiff's requests for equitable relief are both prospective and retrospective. His request for "a declaration that Defendants *violated* Plaintiff's rights" is to remedy past violations, as he seeks a declaration of something that happened. (ECF No. 1, PageID.22) (emphasis added). Thus, he cannot seek this declaration for Defendants Whitmer and Hertel under the *Ex Parte Young*

exception.  *Verizon Maryland, Inc.*, 535 U.S. at 645.  His requests for *reimbursement* and an order requiring MDHHS to order services *retroactively* provided are retrospective requests for relief that can be dismissed.  (ECF No. 1, PageID.23) (emphasis added).

That said, some of Plaintiff's requests for relief seek to remedy continuing violations through prospective relief.  Plaintiff's request for an order *placing him* in the position he would have been in without the violation can proceed against Governor Whitmer and Director Hertel, as he seeks services going forward.  (ECF No. 1, PageID.22); *Verizon Maryland, Inc.*, 535 U.S. at 645.  Plaintiff's request that his services immediately be reinstated seeks present and future relief through continuing services.  (ECF No. 1, PageID.23).  His requests to end continuing retaliation against him, and to end continuous "unilateral placement decisions," ask the Court to end ongoing behavior now and into the future.  (*Id.*).  Finally, his request that the Court order the State Defendants to direct their agents to prioritize the ADA over cost-saving measures are to remedy violations going forward.  (*Id.* at PageID.24).  Since these requests are for present and future relief, Plaintiff "'seeks relief properly characterized as prospective.'"  *Verizon Maryland, Inc.*, 535 U.S. at 645.  So Plaintiff may proceed with these requests for relief against Defendants Whitmer and Hertel.

     ii.     ADA Claim Immunity

Congress specifically abrogated Eleventh Amendment immunity for ADA claims. *Babcock v. Michigan*, 812 F.3d 531, 534-35 (6th Cir. 2016). Though Congress abrogated immunity for ADA claims, abrogation is not absolute. *Id.* Courts must still consider whether: (1) the state's alleged conduct violated Title II; (2) to what extent the misconduct violated the Fourteenth Amendment; (3) if the conduct violated Title II, but did not violate the Fourteenth Amendment, whether Congress' abrogation of sovereign immunity for that conduct is still valid. *Id.* (*citing United States v. Georgia*, 546 U.S. 151, 159 (2006)).

The State Defendants argue that Plaintiff's ADA claim fails because he lacks sufficient factual support to show the State Defendants, specifically, discriminated against him based on his disability. (ECF No. 9, PageID.194). Plaintiff does not specifically address the *Georgia* test. Even still, Plaintiff does allege he was denied covered Medicaid CLS services because Defendants claimed, "due to the nature of his disability he was ineligible." (ECF No. 1, PageID.15, ¶ 40). If proven true, this conduct violates Title II, because he alleges "by reason of [his] disability" he was "denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Plaintiff alleges he did not receive Medicaid funded services because of the severity of his disability—conduct that violates Title II. (ECF No. 1, PageID.15, ¶ 40). That said, Plaintiff does not specifically allege how the *State Defendants* participated in this conduct. Plaintiff only

explains the "Defendants" denied him services because of his disability.  (*Id.*).  The only Defendant he names in his allegations supporting his ADA claim is WCCMH.  (*Id*. PageID.14-18, ¶¶ 34-48).  He alludes to the "state" via its "agent defendant WCCMH" depriving him services.  (*Id*. at PageID.16, ¶41).  Without an explanation of how the State Defendants' oversaw and directed WCCMH's conduct, Plaintiff failed to allege the State Defendants violated Title II.  Thus, Congress' abrogation of the ADA does not apply, and the State Defendants are immune from the ADA claim under the Eleventh Amendment.

c.  Qualified Immunity

During the hearing, Plaintiff clarified that he is only pursuing his claims against Defendants Hertel and Whitmer in their official capacities.  Official capacity claims do not impose personal liability on government employees.  Official capacity claims are claims against the governmental entity, not the individual employee.  *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658, 690, n.55 (1978) (official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent.").  Since Plaintiff is only pursuing damages against Defendant Hertel and Whitmer in their official capacities, qualified immunity is not at issue.

d.  Failure to Join Defendant under Fed. R. Civ. P. 12(b)(7)

Fed. R. Civ. P. 12(b)(7) allows dismissal when a Plaintiff fails to join a party under Fed. R. Civ. P. 19.  The State Defendants argue that CMHPSM should be joined because they are the entity that contracts with WCCMH to provide services. The State provides Medicaid funding to CMHPSM who then contracts with community programs like WCCMH.  Without CMHPSM joined as a Defendant, there is no nexus between WCCMH and the State, as the State Defendants and WCCMH have no legal obligation to each other.  (ECF No. 9, PageID.206). Plaintiff does not dispute that CMHPSM is a necessary party, but he argues that Defendants' remedy is to join CMHPSM, not dismissal.  (ECF No. 22, PageID.373).

Though CMHPSM may be a necessary party to this case, this is not cause for dismissal under Fed. R. Civ. P. 12(b)(7).  If CMHPSM is a necessary party and can feasibly be joined without disrupting the Court's jurisdiction and proper venue, they should be joined under Fed. R. Civ. P. 19(a)(2).  As with WCCMH, CMHPSM is a mental health provider in southeast Michigan whose contract with WCCMH gave rise to Plaintiff's dispute over services.  Thus, CMHPSM is subject to the same jurisdiction and venue.  So CMHPSM may be joined under Fed. R. Civ. P. 19(a).  Dismissal under Fed. R. Civ. P. 12(b)(7) is unnecessary because joinder is feasible.

e.   Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Plaintiffs must plead "with particularity" what *each defendant* did to violate

his constitutional rights.  *Terrance*, 286 F.3d at 842.  The undersigned will address

whether Plaintiff sufficiently pleaded with particularity how the State Defendants

violated his rights under each claim below.

i.      Due Process Claim

For his Due Process claim, Plaintiff alleges that "Defendants" arbitrarily

deprived Plaintiff of his in-home services and they did not give proper notice or

due process before terminating his services.  (ECF No. 1, PageID.13).  He does not

identify how each Defendant specifically denied him due process.  The only

Defendant that he specifically identifies in discussing his lack of due process is

WCCMH.  (ECF No. 1, PageID.8-14).  Plaintiff did not identify how each State

Defendant directed or participated in WCCMH's failure to give notice.  Thus, he

failed to plead the Due Process claim with sufficient "particularity" against the

State Defendants.  *Terrance*, 286 F.3d at 842.  The Due Process claim against the

State Defendants should be dismissed.

ii.     ADA Claim

Plaintiff's ADA claim suffers from the same deficiencies as his Due Process

claim.  He fails to plead how each State Defendant specifically contributed to

WCCMH's allegedly discriminatory denial of benefits.  Plaintiff only explains the

"Defendants" denied him services because of his disability.  (ECF No. 1, PageID.15, ¶ 40).  He only names WCCMH in his allegations supporting his ADA claim.  (*Id*. PageID.14-18, ¶¶ 34-48).  Without alleging "with particularity" how each State Defendant contributed to WCCMH's benefits denial, his ADA claims against the State Defendants fail.  *Terrance*, 286 F.3d at 842.

    iii.    Rehabilitation Claim

Plaintiff once again fails to specifically plead how each state Defendant retaliated against him under the Rehabilitation Act.  Plaintiff alleges Jacob's father was told Jacob could not get CLS services until his appeal is resolved.  (ECF No. 1, PageID.20, ¶ 57).  He then contends this is "specific retaliation by both WCCMH and the State of Michigan through DHHS."  (*Id*. at PageID.21, ¶ 59). That said, he fails to identify who told them this and how it is retaliatory.  Nor does he identify how each State Defendant was specifically involved with the conduct alleged.  Thus, this claim against State Defendants also fails.  All of Plaintiffs' claims against the State Defendants should be dismissed under Fed. R. Civ. P. 12(b)(6).  So the State Defendants should be **DISMISSED** from this case.

    **2.  Plaintiff's Motion for Summary Judgment and Request for Injunctive Relief and Sanctions (ECF No. 36)**

In Plaintiff's amended motion for summary judgment and request for injunctive relief and sanctions, he asks that the Court grant him summary judgment

against all Defendants under Fed. R. Civ. P. 12(b)(6) and 12(b)(7).[2]  Or, in the alternative, to deny the State's motion to dismiss[3] and grant his request for temporary injunctive relief.  He also asks the Court to deny State Defendants' motion to dismiss and grant his cross-motion to dismiss.[4]  (ECF No. 36, PageID.547, 556).  Finally, Plaintiff argues he is entitled to sanctions and attorney's fees from Defendants for "repeated and numerous civil rights violations."  (ECF No. 36, PageID.543).

In response, both Defendants note that Plaintiff's request violates Local Rule 7.1, as he did not seek concurrence with either the State Defendants or WCCMH before filing this motion.  (ECF No. 45, PageID.695; ECF No. 47, PageID.770).  State Defendants also note Plaintiff failed to file his request for injunctive relief in a separate motion, so his amended motion is improper because it is combined with his response brief.  (ECF No. 45, PageID.695-96).  Both State Defendants and WCCMH argue that Plaintiff failed to support his claim for summary judgment,

---

[2] Plaintiff appears confused as to what civil rule supports his requests for relief.  The undersigned can and will assume Plaintiff does not wish to dismiss his own complaint under Fed. R. Civ. P. 12, as he would have consented to State Defendants' motion.  Thus, the undersigned will read Plaintiff's request as it is styled, a motion for summary judgment under Fed. R. Civ. P. 56 and request for injunctive relief.

[3] Plaintiff references Defendants' motion for summary judgment, but he is asking the Court to deny Defendants' motion to dismiss.

[4] Plaintiff displays more confusion about his requested relief, but it appears he seeks judgment in his favor, not dismissal.

meet his burden for preliminary injunction, and that he is not entitled to attorney's fees or sanctions.  (ECF Nos. 45, 47).

### a.   Local Rules

Plaintiff's motion is improper because of his violations of the Local Rules. Plaintiff's counsel admitted she did not confer with opposing counsel before filing this motion.  Thus, this motion is improper under E.D. Mich. L.R. 7.1(a), which requires a movant to seek concurrence before filing a motion.  Nor did Plaintiff comply with E.D. Mich. Local Rule 65.1, because his request for temporary injunctive relief is combined with a motion for summary judgment, sanctions, and attorney's fees.  Requests for temporary restraining orders and for preliminary injunctions "must be made by a separate motion."  E.D. Mich. L.R. 65.1.  That said, violation of Local Rule 7.1 or Local Rule 65.1 is not reason enough to deny the entire motion.

### b.   Summary Judgment

Plaintiff's motion for summary judgment is premature because it was filed before the parties could meet for a scheduling conference, conduct discovery, and before the State Defendants even answered his complaint.  "A court may rule on a motion for summary judgment *only after* the nonmoving party has had 'adequate time for discovery.'"  *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986)) (emphasis added).  With State Defendants'

motion to dismiss still pending, the Court has yet to set this matter for a scheduling

conference.  So there has been no discovery in this case.  Summary judgment at

this stage is premature.

        c.  Temporary Injunctive Relief

Plaintiff fails to meet the high burden for temporary injunctive relief.  The

Court should consider whether the movant has shown strong likelihood of success,

the threat of irreparable injury, the risk of harm to others, and whether public

interest would be served by injunctive relief.  *City of Pontiac Retired Emps. Ass'n*,

751 F.3d at 430.  That said, if a Plaintiff fails to show the existence of irreparable

injury, he is not entitled to injunctive relief and the inquiry can end there.  *D.T.*,

942 F.3d at 327 (court is "'well within its province'" when denying preliminary

injunction because Plaintiff failed to prove irreparable injury) (quoting *S. Milk

Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991)).

Plaintiff will not suffer irreparable harm without injunctive relief.  Plaintiff

argues he will suffer irreparable harm as "delay or denial of Medicaid benefits can

amount to irreparable harm."  (ECF No. 36, PageID.568) (quoting *Markva v.

Haveman*, 168 F. Supp. 2d 695, 719 (E.D. Mich. 2001), *aff'd*, 317 F.3d 547 (6th

Cir. 2003)).  Defendants argue Plaintiff has shown he will not suffer irreparable

harm, as he rebuffed previous attempts to provide him services.  (*See* ECF No. 45,

PageID.706; ECF No. 47, PageID.783).

Though Plaintiff he has not received Medicaid funded CLS services, he is

not without care.  His parents are receiving third-party family funds to finance

private services.  (ECF No. 50, PageID.832).  Unlike in *Markva*, here Plaintiff will

not suffer a loss of care without the injunction.  *Markva*,168 F. Supp. 2d at 719

(permanent injunction appropriate when movant may suffer loss in Medicaid

benefits necessary to treat chronic illness).  Plaintiff is receiving the necessary

services through private funding.  An injury is generally irreparable if it cannot be

fully compensated by monetary damages.  *Overstreet v. Lexington–Fayette Urb.*

*Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).  Plaintiff's parents could be

reimbursed for the services they financed.  Plaintiff argues he is still at threat to

lose care, because he may lose private funding or worse, his parents.  (ECF No. 50,

PageID.832-33).  Without evidence that either of these possibilities is looming, an

immediate injunction is unnecessary.  *D.T.*, 942 F.3d at 327 (hypothetical threat is

"not an 'immediate,' 'irreparable' injury that warrants the 'extraordinary remedy'

of a preliminary injunction.") (citations omitted).

Plaintiff opposed WCCMH's attempt to provide him services recently, thus

admitting he would not be harmed absent the injunction.  Plaintiff opposed

WCCMH's request to conduct pre-service assessments.  He argued the assessments

were unnecessary.  (ECF No. 18, PageID.320).  WCCMH alleged they must

conduct these assessments so they can provide him services while the case is

pending.  (ECF No. 16, PageID.254-55).  By opposing these assessments, Plaintiff

opposed the immediate relief he seeks and admitted he would not suffer irreparable

injury absent immediate injunction.  Since "the Plaintiff isn't facing imminent and

irreparable injury, there's no need to grant relief now as opposed to at the end of

the lawsuit." *D.T.*, 942 F.3d at 327.  Without proving he would suffer irreparable

injury, Plaintiff failed to show he is entitled to temporary injunctive relief.

### d. Sanctions and Attorney's Fees

Rule 11 provides that a party can be sanctioned if the party files a pleading

for an improper purpose, arguments within a pleading are unfounded, or if

allegations within a pleading have no evidentiary support.  Fed. R. Civ. P. 11(b)-

(c).  Sanctions may be awarded only if the conduct at issue was "objectively

unreasonable" or if the party had no reasonable basis for a claim.  *Montell*, 757

F.3d at 510.  Plaintiff argues Defendants should be sanctioned for two reasons.

First, he argues Defendants should be sanctioned for their "repeated violations" of

Plaintiff's rights.  (ECF No. 36, PageID.569).  But Defendants' conduct outside of

pleadings is not sanctionable under Fed. R. Civ. P. 11, as the rule regulates party's

pleadings, not conduct that caused Plaintiff to file suit.  Fed. R. Civ. P. 11(b)-(c).

Plaintiff also contends WCCMH's claims that they need to perform pre-service assessments and that Plaintiff conceded this point is false.  Plaintiff claims he only conceded that assessments may be necessary for future eligibility.  (ECF No. 36, PageID.569-70).  WCCMH believes pre-service assessments are necessary based on 42 C.F.R § 441.715, which requires independent reevaluations every twelve months to confirm services eligibility.  (ECF No. 47, PageID.784-85).  WCCMH had a reasonable basis for their claim that pre-service assessments are necessary, as it is based on their interpretation of the Code of Federal Regulations.  *Montell*, 757 F.3d at 510.  Sanctions are unwarranted for this this claim.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that State Defendants' motion to dismiss (ECF No. 9) be **GRANTED** and State Defendants be **DISMISSED** from this case.  The undersigned also **RECOMMENDS** that Plaintiff's amended motion for summary judgment and request for injunctive relief and sanctions (ECF No. 36) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 8, 2022        s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge